UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PATRICIA KENNEDY, Individually, & ROBERT COHEN, Individually,<br><br>          Plaintiffs,<br><br>v.<br><br>OV 5 CORAL POLLO, LLC,<br><br>          Defendant.<br>_____/ | Case No. |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, PATRICIA KENNEDY, Individually, & ROBERT COHEN, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, OV 5 CORAL POLLO, LLC, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessibility Code ("FAC").

1. Plaintiff PATRICIA KENNEDY is a Florida resident, lives in Broward County Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking and has limited use of her hands. Instead, Plaintiff is bound to ambulate in a wheelchair. Ms. Kennedy's access to the Defendant's property or to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered therein was restricted or

limited because of her disabilities, and will be restricted or limited in the future unless and until the Defendant is compelled to remove the barriers to access and remedy all ADA violations which exist at its property including those set forth in this complaint.

2. Plaintiff, ROBERT COHEN, is a Florida resident, sui juris, and president of Access for the Disabled, Inc. He is mobility impaired and must use a wheelchair. Mr. Cohen therefore qualifies as an individual with disabilities as defined by the ADA. Mr. Cohen's access to the Defendant's property or to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered therein was restricted or limited because of his disabilities, and will be restricted or limited in the future unless and until the Defendant is compelled to remove the barriers to access and remedy all ADA violations which exist at its property including those set forth in this complaint.

3. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases, or leases to is known as a Pollo Tropical is located in the County of Broward.

4. Venue is properly located in the Southern District because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

       Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

7. Plaintiffs are deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiffs are aware that it would be a futile gesture to attempt to visit Defendant's property if they wish to do so free of discrimination.

8. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix

A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

9. A preliminary inspection of the Pollo Tropical located at 800 N. University Drive, Coral Springs, Broward County, Florida has shown that violations exist. These violations include, but are not limited to:

**General**

1. The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

**Parking**

2. The accessible parking space and access aisle on the SW corner of the facility have slopes that are steeper than 1:48 in violation of 1991 ADAAG Section 4.6.3; 2010 ADAAG Section 502.4.

3. The accessible parking spaces and access aisle on the SE corner of the facility have slopes that are steeper than 1:48 in violation of 1991 ADAAG Section 4.6.3; 2010 ADAAG Section 502.4.

**Entrance Access and Path of Travel**

4. An accessible continuous, with marked crosswalks, path of travel is not provided from the public sidewalk/public transportation stop in violation of 1991 ADAAG Sections 4.3.2(1); 2010 ADAAG Sections 206.2.1; 206.3; 402.2.

**Access of Goods and Services**

5. The interior and exterior seating does not provide knee clearance that is at least 30" wide under the tables in violation of 1991 ADAAG Sections 4.1.3(18); 4.32.3; 2010 ADAAG Sections 226; 305.4; 306.3.5; 902.2.

**Men's Restroom**

6. The toilet compartment door lacks the required pull hardware on both sides and it is not self-closing in violation of 1991 ADAAG Sections 4.13.9; 4.17.5; 2010 ADAAG Sections 604.8.1.2.

7. The toilet flush control is not mounted on the open side, there is no rear grab bar, the side grab bar is mounted with the top of the gripping surface lower than 33" above the finish floor and it is less than 42" long, in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.16.5; 4.17.6; 2010 ADAAG Sections 604.5; 604.6; 609.4.

8. The toilet paper dispenser is mounted more than 36" from the rear wall in the accessible toilet compartment in violation of 1991 ADAAG Section 4.17.6; Figure 30(d); 2010 ADAAG Section 604.7.

9. The bottom edges of the reflecting surface on the mirrors inside and outside the accessible toilet compartment are higher than 40" maximum above the finish floor. In violation of 1991 ADAAG Sections 4.19.6; 2010 ADAAG Section 603.3.

10. The inner restroom door requires more than 5 pounds of force to push it open in violation of 1991 ADAAG Section 4.13.11; 2010 ADAAG Section 404.2.9.

**Women's Restroom**

11. The toilet compartment door lacks the required pull hardware on both sides and it is not self-closing in violation of 1991 ADAAG Sections 4.13.9; 4.17.5; 2010 ADAAG Sections 604.8.1.2.

12. There is no rear grab bar, the side grab bar is mounted with the top of the gripping surface lower than 33" above the finish floor and it is less than 42" long, in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.17.6; 2010 ADAAG Sections 604.5; 609.4.

13. The bottom edges of the reflecting surface on the mirrors inside and outside the accessible toilet compartment are higher than 40" maximum above the finish floor in violation of 1991 ADAAG Sections 4.19.6; 2010 ADAAG Section 603.3.

14. The inner restroom door requires more than 5 pounds of force to push it open in violation of 1991 ADAAG Section 4.13.11; 2010 ADAAG Section 404.2.9.

10. Plaintiffs PATRICIA KENNEDY and ROBER COHEN have visited the property which forms the basis of this lawsuit and plan to return to the property in the near future to avail themselves of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiffs have encountered barriers at the subject property which discriminate against them on the basis of their disabilities.

11. In the alternative, Plaintiffs are advocates of the rights of similarly situated disabled persons and are "testers" for the purpose of asserting their civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

12. The violations present at Defendant's facility, create a hazard to Plaintiffs' safety.

13. Plaintiffs PATRICIA KENNEDY and ROBERT COHEN are continuously aware of the violations at Defendant's facility and are aware that it would be a futile gesture to return to the property as long as those violations exist unless they are willing to suffer additional discrimination.

14. The violations present at Defendant's facility infringe on PATRICIA KENNEDY and ROBERT COHEN'S rights to travel free of discrimination. Plaintiff KENNEDY and COHEN have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprives Plaintiff KENNEDY and ROBERT COHEN the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless they are willing to endure additional discrimination, Plaintiffs KENNEDY and COHEN are deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and are deterred and discouraged from additional travel. By maintaining a public accommodation with

violations, Defendant deprives Plaintiffs KENNEDY and COHEN the equality of opportunity offered to the general public.

15. Plaintiffs PATRICIA KENNEDY and ROBERT COHEN have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

16. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. The individual Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. The individual Plaintiffs desire to visit the Pollo Tropical not only to avail themselves of the goods and services available at the property but to assure them that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

17. The Defendant has discriminated against the individual Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

18. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiffs and all other

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiffs and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the Pollo Tropical to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

   a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

|  | Thomas B. Bacon, P.A.<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>cullen@thomasbaconlaw.com<br>Florida Bar. Id. No. 167853<br><br>By:*/s/ Philip Michael Cullen, III,* |
|---|---|
|  |  |